**PETITION FOR A WRIT OF HABEAS CORPUS BY A PERSON IN STATE CUSTODY**

Name  Orozco,       David
      (Last)        (First)       (Initial)

Prisoner Number  CDC# T25768

Institutional Address  Sierra Conservation Center, 5150 O'Brynes Ferry Road; Jamestown, CA 95327

FILED
FEB 2 5 2008
RICHARD W. WIEKING
CLERK, U.S. DISTRICT COURT
NORTHERN DISTRICT OF CALIFORNIA

**UNITED STATES DISTRICT COURT**
**NORTHERN DISTRICT OF CALIFORNIA**

DAVID OROZCO

(Enter the full name of plaintiff in this action.)

vs.

IVAN CLAY, Warden, Sierra Conservation Center;

JERRY BROWN, et. als., Attorney General, State of California.

(Enter the full name of respondent(s) or jailor in this action)

Case No. CV 08 1124
(To be provided by the clerk of court)

**PETITION FOR A WRIT OF HABEAS CORPUS**

E-filing

CRB
(PR)

Read Comments Carefully Before Filling In

<u>When and Where to File</u>

You should file in the Northern District if you were convicted and sentenced in one of these counties: Alameda, Contra Costa, Del Norte, Humboldt, Lake, Marin, Mendocino, Monterey, Napa, San Benito, Santa Clara, Santa Cruz, San Francisco, San Mateo and Sonoma. You should also file in this district if you are challenging the manner in which your sentence is being executed, such as loss of good time credits, and you are confined in one of these counties. Habeas L.R. 2254-3(a).

If you are challenging your conviction or sentence and you were <u>not</u> convicted and sentenced in one of the above-named fifteen counties, your petition will likely be transferred to the United States District Court for the district in which the state court that convicted and sentenced you is located. If you are challenging the execution of your sentence and you are not in prison in one of these counties, your petition will likely be transferred to the district court for the district that includes the institution where you are confined. Habeas L.R. 2254-3(b).

PET. FOR WRIT OF HAB. CORPUS        - 1 -

1  Who to Name as Respondent

2      You must name the person in whose actual custody you are. This usually means the Warden or
3  jailor. Do not name the State of California, a city, a county or the superior court of the county in which
4  you are imprisoned or by whom you were convicted and sentenced. These are not proper
5  respondents.

6      If you are not presently in custody pursuant to the state judgment against which you seek relief
7  but may be subject to such custody in the future (e.g., detainers), you must name the person in whose
8  custody you are now and the Attorney General of the state in which the judgment you seek to attack
9  was entered.

10 A. INFORMATION ABOUT YOUR CONVICTION AND SENTENCE

11     1. What sentence are you challenging in this petition?

12         (a)    Name and location of court that imposed sentence (for example; Alameda
13             County Superior Court, Oakland):

14             Alameda County Superior Court, Oakland

15             Court                        Location

16         (b)    Case number, if known  H29336

17         (c)    Date and terms of sentence  08/16/01 (12 years)

18         (d)    Are you now in custody serving this term? (Custody means being in jail, on
19             parole or probation, etc.)     Yes  x     No    

20             Where?

21             Name of Institution: Sierra Conservation Center

22             Address: 5150 O'Byrnes Ferry Road, Jamestown, CA 95327

23     2. For what crime were you given this sentence? (If your petition challenges a sentence for
24 more than one crime, list each crime separately using Penal Code numbers if known. If you are
25 challenging more than one sentence, you should file a different petition for each sentence.)

26 Voluntary manslaughter §190(a); use of deadly weapon §12022(b)

27 _____

28 _____

PET. FOR WRIT OF HAB. CORPUS        - 2 -

| | | | |
|---|---|---|---|
| 1 | 3. Did you have any of the following? | | |
| 2 | Arraignment: | Yes _x_ | No ____ |
| 3 | Preliminary Hearing: | Yes _x_ | No ____ |
| 4 | Motion to Suppress: | Yes _x_ | No ____ |

4. How did you plead?

Guilty _x_   Not Guilty ____   Nolo Contendere ____

Any other plea (specify) _____

5. If you went to trial, what kind of trial did you have?

Jury ____   Judge alone ____   Judge alone on a transcript ____

6. Did you testify at your trial?           Yes ____   No ____

7. Did you have an attorney at the following proceedings:

(a) Arraignment                Yes _x_   No ____
(b) Preliminary hearing        Yes _x_   No ____
(c) Time of plea               Yes _x_   No ____
(d) Trial                      Yes _N/A_ No ____
(e) Sentencing                 Yes _x_   No ____
(f) Appeal                     Yes ____  No _x_
(g) Other post-conviction proceeding   Yes ____  No _x_

8. Did you appeal your conviction?   Yes ____   No _x_

(a) If you did, to what court(s) did you appeal?

Court of Appeal              Yes ____   No ____
Year: _N/A_   Result: _N/A_

Supreme Court of California  Yes ____   No ____
Year: _N/A_   Result: _N/A_

Any other court              Yes ____   No ____
Year: _N/A_   Result: _N/A_

(b) If you appealed, were the grounds the same as those that you are raising in this

PET. FOR WRIT OF HAB. CORPUS          - 3 -

petition?  Yes _____  No __X__

(c) Was there an opinion?  Yes _____  No __X__

(d) Did you seek permission to file a late appeal under Rule 31(a)?

Yes _____  No __X__

If you did, give the name of the court and the result:
N/A

N/A

9. Other than appeals, have you previously filed any petitions, applications or motions with respect to this conviction in any court, state or federal?  Yes __X__  No _____

[Note: If you previously filed a petition for a writ of habeas corpus in federal court that challenged the same conviction you are challenging now and if that petition was denied or dismissed with prejudice, you must first file a motion in the United States Court of Appeals for the Ninth Circuit for an order authorizing the district court to consider this petition. You may not file a second or subsequent federal habeas petition without first obtaining such an order from the Ninth Circuit. 28 U.S.C. §§ 2244(b).]

(a) If you sought relief in any proceeding other than an appeal, answer the following questions for each proceeding. Attach extra paper if you need more space.

I. Name of Court: __Alameda County Superior Court__

Type of Proceeding: __Petition for Writ of Habeas Corpus__

Grounds raised (Be brief but specific):

a. __Due Process Violations__

b. _____

c. _____

d. _____

Result: __Petition was denied__  Date of Result: __July 2007__

II. Name of Court: __Supreme Court of California__

Type of Proceeding: __Petition for Writ of Habeas Corpus__

Grounds raised (Be brief but specific):

PET. FOR WRIT OF HAB. CORPUS          - 4 -

1  a. Due Process Violation
2  b. _____
3  c. _____
4  d. _____
5  Result: Petition was denied  Date of Result: Dec. 2007
6  III. Name of Court: _____
7  Type of Proceeding: _____
8  Grounds raised (Be brief but specific):
9  a. _____
10  b. _____
11  c. _____
12  d. _____
13  Result: _____ Date of Result: _____
14  IV. Name of Court: _____
15  Type of Proceeding: _____
16  Grounds raised (Be brief but specific):
17  a. _____
18  b. _____
19  c. _____
20  d. _____
21  Result: _____ Date of Result: _____
22  (b) Is any petition, appeal or other post-conviction proceeding now pending in any court?
23      Yes ____   No  x  
24  Name and location of court: _____

B. GROUNDS FOR RELIEF

State briefly every reason that you believe you are being confined unlawfully. Give facts to support each claim. For example, what legal right or privilege were you denied? What happened? Who made the error? Avoid legal arguments with numerous case citations. Attach extra paper if you

PET. FOR WRIT OF HAB. CORPUS        - 5 -

1  need more space. Answer the same questions for each claim.
2  [Note: You must present ALL your claims in your first federal habeas petition. Subsequent
3  petitions may be dismissed without review on the merits. 28 U.S.C. §§ 2244(b); <u>McCleskey v. Zant</u>,
4  499 U.S. 467, 111 S. Ct. 1454, 113 L. Ed. 2d 517 (1991).]
5  Claim One: See Petitioner's "Points of Authority and Memorandum
6  of Law" that is incorporated by referenced.
7  Supporting Facts: Id.

11  Claim Two: ____

13  Supporting Facts: ____

17  Claim Three: ____

19  Supporting Facts: ____

23  If any of these grounds was not previously presented to any other court, state briefly which
24  grounds were not presented and why:
25     N/A

PET. FOR WRIT OF HAB. CORPUS       - 6 -

1  List, by name and citation only, any cases that you think are close factually to yours so that they
2  are an example of the error you believe occurred in your case. Do not discuss the holding or reasoning
3  of these cases:
4  Id.
5
6
7  Do you have an attorney for this petition?           Yes_____   No_x__
8  If you do, give the name and address of your attorney:
9  N/A

10  WHEREFORE, petitioner prays that the Court grant petitioner relief to which s/he may be entitled in
11  this proceeding. I verify under penalty of perjury that the foregoing is true and correct.
12
13  Executed on __2|6|08__                          __David Orozco__
14              Date                                  Signature of Petitioner

20  (Rev. 6/02)

PET. FOR WRIT OF HAB. CORPUS          - 7 -

## Table of Citations

U.S. Cases:

Apprendi v. New Jersey, 530 U.S. 466(2000) .................... 3

Jones v. U.S., 526 U.S. 227(1999) ............................. 3

Ring v. Arizona, 536 U.S. 584(2004) ........................... 3

United States v. Booker, 543 U.S. 220(2005) ................... 4

Blakely v. Washington, 542 U.S. 296(2004) ..................... 4


U.S. Constitution

Sixth Amendment to the United States Constitution ............ 3

Fourteenth Amendment to the United States Constitution ....... 3


California Penal Code Sections

Section 192(b) ............................................... 3

Section 12022(b) ............................................. 3

Section 1170(b) .............................................. 4


State Judicial Council Rules:

Rule 4.420(a) ................................................ 4

Rule 4.405(d) ................................................ 4

Rule 4.420(b) ................................................ 4

Rule 4.420(e) ................................................ 4

2

## STATEMENT OF THE CASE

On May 21, 2001, "Petitioner" David Orozco tendered a guilty plea to one(1)count of voluntary manslaughter in violation of California Penal Code (hereinafter "Penal Code") Section 192(a) and similarly admitted to the use of a deadly weapon in the manslaughter offense in violation of Penal Code Section 12022(b). In exchange for Petitioner's plea of guilty and admission of weapon usage, Petitioner was sentenced to 11 years imprisonment for the voluntary manslaughter offense and to a consecutive one-year term for the deadly weapon offense. No *additional facts* were either alleged by the prosecution or admitted by the Petitioner.

## GROUND FOR RELIEF

**PETITIONER'S GUILTY PLEA TO VOLUNTARY MANSLAUGHTER EXPOSED PETITIONER TO ONLY A SIX-YEAR SENTENCE OF IMPRISONMENT. THE TRIAL COURT'S IMPOSITION OF AN ELEVEN-YEAR SENTENCE, ABSENT PETITIONER'S ADMISSION OF ANY AGGRAVATING FACTS OR VOLUNTARY WAIVER OF JURY TRIAL RIGHTS THEREOF, WAS VIOLATIVE OF PETITIONER'S DUE PROCESS RIGHTS AS SECURED BY THE SIXTH AND FOURTEENTH AMENDMENTS TO THE UNITED STATES CONSTITUTION.**

The United States Supreme Court announced in *Apprendi*[1] that, under the Sixth Amendment to the U.S. Constitution, *any fact* that exposes a defendant to a sentence in excess of the relevant statutory maximum must be found by a jury, not a judge, and established beyond a reasonable doubt. The Court has applied this tenet to facts subjecting a defendant to the death penalty (*Ring*)[2], to facts permitting a sentence in excess of the standard range

---

[1] *Apprendi v. New Jersey*, 530 U.S. 466(2000). The Court's rule instructs that the Federal Constitution's jury-trial guarantee proscribes a sentencing scheme that allows a judge to impose a sentence above the statutory maximum based on a fact, other than a prior conviction, not found by a jury or admitted by the defendant.

[2] *Ring v. Arizona*, 536 U.S. 584(2002)

3

1  (*Blakely*)[3], and to facts triggering a sentence range elevation under Federal
2  Sentencing Guidelines (*Booker*).[4]
3      Petitioner in the instant matter had pled guilty to one(1) count of
4  voluntary manslaughter. Under the California Determinate Sentencing Law
5  ("DSL") that offense is punishable by imprisonment for a lower term sentence
6  of three(3) years, a middle term sentence of six(6) years, or an upper term
7  sentence of eleven(11) years. Moreover, Penal Code Section 1170(b) severely
8  restricts the trial judge's discretion. In relevant part, that is, §1170
9  provides "[t]he court shall order the imposition of the middle term, unless
10 there are circumstances in aggravation or mitigation of the crime." Section
11 1170(b) further clarifies that circumstances in aggravation or mitigation are
12 to be determined by the *court* after consideration of several items: the trial
13 record; the probation officer's report, statements in aggravation or
14 mitigation submitted by the parties, the victim, or the victim's family. And
15 although in the instant matter there was no trial, the court *did* consider the
16 probation report [see Proceeding of August 3, 2001, at p. 1] and testimony of
17 the victim's family members [*id.* at 3, 4, and 5] to give the appearance of
18 conforming to §1170. The drawback, however, is that *Rules 4.420(a), et seq.,*
19 of the State Judicial Council defines circumstances in aggravation as *facts*.
20 And *facts* aggravating an offense, these Rules likewise instruct, shall be
21 established by a preponderance of the evidence. *Accord, Rule 4.420(b)*. In
22 sum, California's DSL and the rules governing its application, direct the
23 sentencing court to start with the middle term, and to move from that term
24 *only* when the court itself finds and places on the record *facts*—whether
25 related to the offense or the offender—beyond the elements of the charged

---

[3] *Blakely v. Washington*, 542 U.S. 296(2004).

[4] *United States v. Booker*, 543 U.S. 220(2005).

4

1  offense. Consequently, an upper term sentence may be imposed *only* when the
2  trial judge makes the requisite finding of aggravation. This procedure of
3  permitting a judge to determine facts of aggravation based on a *mere*
4  preponderance of evidence that was *not admitted* by the Petitioner runs afoul
5  of both *Apprendi* and *Cunningham* and is violative of Petitioner's due process
6  rights.

**WHEREFORE**, the Petitioner David Orozco prays that the writ of habeas corpus issue, that counsel be appointed to brief the subject matter more fully, and that this Honorable Court **GRANT** any and all other relief that appears proper and just and the nature of this case may meet.

Respectfully submitted,

David Orozco, *pro se*

*David Orozco*

5



January 20, 2008

Clerk of Court
U.S. district Court, Northern District
450 Golden Gate, AVe., 16th FL.
San Francisco, CA 94102

CV 08    1124

CRB

(PR)

Dear Clerk of Court:

Enclosed is an original of my Petition of Writ of Habeas Corpus and an Application to Proceed Informa Pauperis on that cause.

Please bring these documents to the court's attention at your next convenience. Thank you in advance.

Very truly yours.

David Orozco

David Orozco, #T25768
Sierra Conservation Center
5150 O'Brynes Ferry Road
Jamestown, CA 95327

E-filing

P.S. I also enclosing an additional copy of my Petition of Writ of Habeas Corpus so that it may be stamped as "filed" and returned to me for my records. Thanks.