IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| DAVID OROZCO,<br>　　　　Petitioner,<br>　vs.<br>IVAN CLAY, Warden,<br>　　　　Respondent. | No. C 08-1124 CRB (PR)<br><br>ORDER TO SHOW CAUSE<br><br>(Docket # 2 & 4) |

　　　　Petitioner, a state prisoner incarcerated at the Sierra Conservation Center in Jamestown, California, has filed a pro se petition for a writ of habeas corpus under 28 U.S.C. § 2254.  He also seeks to proceed in forma pauperis under 28 U.S.C. § 1915.

## BACKGROUND

　　　　Pursuant to a plea bargain for a stipulated sentence, petitioner pleaded guilty to voluntary manslaughter and admitted to the use of a deadly weapon in Alameda County Superior Court.  On August 16, 2001, petitioner was sentenced to the upper term of 11 years for the voluntary manslaughter plus one year for the use enhancement for a total stipulated sentence of 12 years in state prison.

　　　　Petitioner did not appeal, but later began seeking collateral relief until the Supreme Court of California denied his final state habeas petition on November 28, 2007.

**DISCUSSION**

A.  Standard of Review

This court may entertain a petition for a writ of habeas corpus "in behalf of a person in custody pursuant to the judgment of a State court only on the ground that he is in custody in violation of the Constitution or laws or treaties of the United States." 28 U.S.C. § 2254(a).

It shall "award the writ or issue an order directing the respondent to show cause why the writ should not be granted, unless it appears from the application that the applicant or person detained is not entitled thereto." Id. § 2243.

B.  Claims

Petitioner seeks federal habeas corpus relief on the ground that his guilty plea to voluntary manslaughter exposed him only to the middle term sentence of six years and that the imposition of the upper term sentence of 11 years, without his admission of any aggravating facts or waiver of jury trial rights, violated his Sixth and Fourteenth Amendment rights under Apprendi v. New Jersey, 530 U.S. 466 (2000), and its progeny, i.e., Blakely v. Washington, 542 U.S. 296 (2004); United States v. Booker, 543 U.S. 220 (2005); and Cunningham v. California, 127 S. Ct. 856 (2007).  Liberally construed, petitioner's claim appears cognizable under § 2254 and merits an answer from respondent.  But cf. Blakely, 542 U.S. at 310 ("When a defendant pleads guilty, the State is free to seek judicial sentence enhancements so long as the defendant either stipulates to the relevant facts or consents to judicial factfinding."); Schardt v. Payne, 414 F.3d 1025, 1038 (9th Cir. 2005) (Blakely announced a new constitutional rule of criminal procedure that does not apply retroactively on habeas review).

/

/

2

## CONCLUSION

For the foregoing reasons and for good cause shown,

1. Petitioner's request to proceed in forma pauperis (docket # 2 & 4) is GRANTED.

2. The clerk shall serve by certified mail a copy of this order and the petition and all attachments thereto on respondent and respondent's attorney, the Attorney General of the State of California. The clerk also shall serve a copy of this order on petitioner.

3. Respondent shall file with the court and serve on petitioner, within 60 days of the issuance of this order, an answer conforming in all respects to Rule 5 of the Rules Governing Section 2254 Cases, showing cause why a writ of habeas corpus should not be granted. Respondent shall file with the answer and serve on petitioner a copy of all portions of the state trial record that have been transcribed previously and that are relevant to a determination of the issues presented by the petition.

If petitioner wishes to respond to the answer, he shall do so by filing a traverse with the court and serving it on respondent within 30 days of his receipt of the answer.

4. Respondent may file a motion to dismiss on procedural grounds in lieu of an answer, as set forth in the Advisory Committee Notes to Rule 4 of the Rules Governing Section 2254 Cases. If respondent files such a motion, petitioner shall file with the court and serve on respondent an opposition or statement of non-opposition within 30 days of receipt of the motion, and respondent shall file with the court and serve on petitioner a reply within 15 days of receipt of any opposition.

/

3

1  |       5.    Petitioner is reminded that all communications with the court must be served on respondent by mailing a true copy of the document to respondent's counsel. Petitioner must also keep the court and all parties informed of any change of address.

SO ORDERED.

DATED: July 21, 2008

*(signature)*

CHARLES R. BREYER
United States District Judge

G:\PRO-SE\CRB\HC.08\Orozco, D1.osc.wpd

4

UNITED STATES DISTRICT COURT

FOR THE

NORTHERN DISTRICT OF CALIFORNIA

DAVID OROZCO,

          Plaintiff,

  v.

IVAN CLAY et al,

          Defendant.
                                                 /

Case Number: CV08-01124 CRB

**CERTIFICATE OF SERVICE**

I, the undersigned, hereby certify that I am an employee in the Office of the Clerk, U.S. District Court, Northern District of California.

That on July 21, 2008, I SERVED a true and correct copy(ies) of the attached, by placing said copy(ies) in a postage paid envelope addressed to the person(s) hereinafter listed, by depositing said envelope in the U.S. Mail, or by placing said copy(ies) into an inter-office delivery receptacle located in the Clerk's office.

David Orozco T25768
Sierra Conservation Center
5150 O'Brynes Ferry Road
Jamestown, CA 95327

Attorney General's Office
455 Golden Gate Avenue
Ste. 11000
San Francisco, CA 94102

Dated: July 21, 2008

                                            Richard W. Wieking, Clerk
                                            By: Barbara Espinoza, Deputy Clerk